[Civ. No. 6201.   Second Appellate District, Division One.—March 18, 1929.]

A. E. HARGROVE, Respondent, v. F. C. WILSON, Appellant.

Leonard Evans and Parker, Moote & Longcroft for Appellant.

Thomas L. McFadden and George F. Holden for Respondent.

HOUSER, Acting P. J.—By an instrument in writing it was agreed between plaintiff, who was a licensed real estate broker, and defendant, who was the owner of an orange grove, that in the event of sale or exchange of said property by plaintiff, defendant would pay to plaintiff a commission of five per cent "of list price." The terms of sale were left open. Later, by oral arrangement between the parties, the terms were also definitely agreed upon. By the findings of the trial court it appears that plaintiff produced purchasers who were ready, willing, and able to purchase the orange grove on the terms and at the price for which defendant agreed to sell it. Defendant then refused to make the sale. An action brought by plaintiff against defendant for the stipulated commission resulted in a judgment for plaintiff; from which defendant appeals.

On examination of the record it is clear that each of the findings made by the trial court was amply supported by substantial evidence. It follows that appellant's specification of error in that regard cannot be sustained.

In the course of plaintiff's case in chief one of the proposed purchasers of the property testified that at the date of the proposed purchase of the property, he and his associate in the matter had at least $20,000 on hand and "were fully able" to purchase the property in question. In that connection appellant urges prejudicial error in that,

on cross-examination of such witness, the trial court refused to permit him to answer a question as to whether he was "going to get a loan upon this property, . . . to take care of these payments." In effect, the contention of appellant is that he had a right to test the ability of the proposed purchasers of the property to make the various payments on the purchase price as they would have fallen due had the sale been consummated. Although in the abstract, the position assumed by appellant may be sound, it does not necessarily follow that he was prejudiced by the action of the court in sustaining the objection to the question. It appears that, aside from the one question to which reference has been had, no effort on the part of defendant was made to ascertain the actual financial ability of the proposed purchasers to meet the payments on the property as they would have become due. It is manifest that if they "were fully able to do it," for example, either because of being possessed of sufficient cash in hand, or credit with a bank or banks, or were the owners of other property on which sufficient loans might be secured, the question whether they expected to get a loan upon the particular property involved in the transaction, would not be determinative of their financial ability to conform with the requirements of the contract of sale. If defendant had pursued the inquiry and had been denied the right to ascertain *anything* with reference to the financial ability of the proposed purchasers of the property, he might have had just cause for complaint. But in the circumstances as presented by the record, it is clear that the effect on defendant of the action of the trial court was negligible.

The judgment is affirmed.

York, J., and Crail J., *pro tem.*, concurred.